UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALFONSO GUADIANA                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:18CV121-RHW

JACQUELINE BANKS et al                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alfonso Guadiana, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging denial of medical care for treatment of hearing loss in his left ear. The alleged denial of medical care occurred at the South Mississippi Correctional Institution (SMCI). According to Plaintiff, he suffered left ear damage as a result of an altercation with other inmates. He alleges a doctor recommended surgery, but Defendants have refused to provide the surgery. Plaintiff has sued Dr. Ronald Woodall, a physician at SMCI. He also has sued Jacqueline Banks because she was in charge of SMCI at the time of the alleged constitutional deprivation. Defendants have filed separate motions for summary judgment. Doc. [48] [51]. Plaintiff has filed a motion requesting leave to file a sur-reply, which is also before the Court for consideration. Doc. [64].

**Law and Analysis**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**<u>Inadequate Medical Care</u>**

In his complaint, Plaintiff alleges Dr. Woodall and Jacqueline Banks failed to provide ear surgery to repair hearing loss in his left ear. Doc. [1] at 4-5. When questioned at the screening hearing, Plaintiff indicated that the "female doctor" at SMCI recommended surgery and referred Plaintiff to an outside specialist. Doc. [37] at 14-15. The medical records, including the records of two off-site specialists, do not contain any recommendation for surgery. In fact, Plaintiff testified that one of the specialists informed him there was nothing that could be done to restore his hearing loss. *Id.* at 12. Likewise, in his complaint, he alleged "[a]t the conclusion of this visit [to the specialist], it was determined that Plaintiff hearing loss in his left ear could not be

2

restored by this clinic personnel, and maybe not at all, and that operations was warranted to try and restore Plaintiff's hearing loss in his left ear." Doc. [1] at 4-5.

To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care may, under certain circumstances, state a claim for constitutionally inadequate medical care. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Id.* at 195. However, "the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Disagreements about whether an inmate should be referred to a specialist as part of ongoing treatment do not constitute deliberate indifference. *See Alfred v. Texas Dep't of Criminal Justice*, No. 03-40313, 2003 WL 22682118, at *1 (5th Cir. Nov.13, 2003); *Hickman v. Moya*, No. 98-50841, 1999 WL 346987, at *1 (5th Cir. May 21, 1999).

It is undisputed that Plaintiff sustained hearing loss for which he received treatment at SMCI. Plaintiff alleges the hearing loss resulted from an inmate altercation that occurred on February 14, 2016. As early as October 23, 2011, Plaintiff complained of diminished hearing in his left ear. Doc. [54] at 182. An examination revealed "left ear impacted with cerumen". *Id.* He was treated with ear drops. *Id.* at 183-84. On May 17, 2016, Plaintiff complained of left ear pain and difficulty hearing. *Id.* at 255-56. The nurse gave him ear drops. *Id.* On May 23, 2016, Plaintiff again complained of left ear pain and was treated with ear drops. *Id.* at 258-59. The medical records indicate that Plaintiff attributed hearing loss to an inmate altercation in 2011. *Id.* at 259. He returned for treatment and ear drops on May 31, 2016. *Id.* at 261-62. Follow-up treatment is noted on June 1, 2016. *Id.* at 263. On June 14, 2016, Nurse Practitioner Deese noted Plaintiff's complaint of "chronic decreased hearing in left ear". *Id.* Plaintiff again attributed the hearing loss to an inmate altercation in 2011. *Id.* On August 4, 2017, a nurse examined Plaintiff for decreased hearing in his left ear, which had occurred over two to three years. Doc. [54] at 304-05. On August 9, 2017, Nurse Practitioner Ford examined Plaintiff for a special consultation related to Plaintiff's decreased hearing. *Id.* at 306-09. Records from November 2, 2017, and November 13, 2017, indicate Plaintiff refused hearing aids. *Id.* at 312, 314.

Plaintiff was referred to an outside specialist. Dr. John Sobiesk at the Hattiesburg Clinic examined Plaintiff on October 12, 2016. Doc. [54] at 281; Doc. [54-1]. Plaintiff told Dr. Sobiesk that he had been punched in the ear three days ago causing decreased hearing in his left ear. Doc. [54-1] at 11. Dr. Sobiesk diagnosed Plaintiff with an impacted cerumen of the left ear, referred otalgia of the left ear, and bilateral sensorineural hearing loss. *Id.* at 12. Dr. Sobiesk

4

removed the cerumen impaction of the left ear canal with debridement and warm water with suction. *Id.* at 12. As an assessment plan Dr. Sobiesk stated:

> At this point observation would be appropriate. If hearing loss does not improve check him back for repeat audiogram and about 4 weeks. Perhaps there is some cochlear concussion from the trauma. At some point a hearing aid could be offered. As he is incarcerated we will probably wait until he gets out to do this.

*Id.* at 12. Although Plaintiff alleges Dr. Sobiesk recommended Plaintiff be seen by a more experienced doctor in Jackson, Dr. Sobiesk's notes do not indicate such a referral. Nor do Dr. Sobiesk's treatment notes include a recommendation for surgery. Nevertheless, on November 2, 2017, Plaintiff was transported to Jackson and seen by Dr. Hibbert who conducted an ear exam and hearing test. Doc. [58] at 2-5, 310. Dr. Hibbert's records do not indicate any recommendation for surgery. At the screening hearing, Plaintiff indicated Dr. Hibbert told him he could not do anything to restore Plaintiff's hearing. Doc. [37] at 12. He also admitted he was offered hearing aids by medical staff at SMCI; however, according to Plaintiff, Dr. Sobiesk had told him hearing aids were "not going to work at all." *Id.* at 14.

The medical records clearly reflect ongoing, continuous treatment of Plaintiff's left ear hearing loss. Thus, Defendants were not deliberately indifferent to Plaintiff's medical condition. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). He was examined on numerous occasions by SMCI medical staff and given ear drops. He was offered hearing aids. He was examined by off-site hearing specialists on two occasions. Dr. Sobiesk removed cerumen impaction of the left ear canal in an attempt to remedy Plaintiff's hearing loss. As reflected in the summary judgment evidence, the medical specialists did not prescribe surgery. In fact, according to Plaintiff, Dr. Hibbert indicated there was nothing that could be done to fix Plaintiff's hearing. Although Plaintiff alleges a "female doctor" at the

prison medical clinic recommended surgery, Plaintiff's unsubstantiated demand for surgery is nothing more than a disagreement about the proper course of medical treatment. *See Kelly v. Woodall*, No. 1:15cv232-RHW, 2016 WL 6769147, at *2-3 (S.D. Miss. Nov. 15, 2016). As such, he fails to demonstrate a constitutional claim for deliberate indifference. *See Norton*, 122 F.3d at 292.

In his motion to file sur-reply, Plaintiff argues he never refused medical treatment. Doc. [64]. Presumably, Plaintiff refers to medical record notations that he refused the offer of hearing aids. At the screening hearing, Plaintiff admitted he was offered hearing aids. However, for purposes of this order, the Court assumes Plaintiff did not refuse the offer of hearing aids. Otherwise, the motion for leave to file a sur-reply is denied. Local Uniform Civil Rule 7(b) does not contemplate the filing of a sur-reply or sur-rebuttal. "Leave of court is required to file an additional brief because the movant is generally entitled to file the last pleading." *Prater v. Wilkinson Cty., Miss.*, No. 5:13-cv-23-DCB-MTP, 2014 WL 5465372, at *3 (S.D. Miss. Oct. 28, 2014) (internal quotation marks omitted). Unless requested or permitted by the Court, no response to the reply brief is allowed. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991). Sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001); *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263 (W.D.La. July 13, 2011) ("[s]urreplies are heavily disfavored by courts."). Based on the foregoing, the Court finds Plaintiff's motion for leave to file a sur-reply is denied.

Plaintiff also filed on October 24, 2019, a motion for a responsive answer from the Court. Doc. [65]. In this motion, he requests a ruling on motion for leave to file a sur-reply. In light of the Court's order, Plaintiff's motion is now moot.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [48] [51] Motions for Summary Judgment are GRANTED, and that Plaintiff Alfonso Guadiana's 42 U.S.C. § 1983 civil rights complaint is dismissed with prejudice as to all claims and all Defendants.

IT IS FURTHER ORDERED that Plaintiff's [64] Motion to File a Sur-reply is DENIED.

IT IS FURTHER ORDERED that Plaintiff's [65] Motion for Responsive Answer from the Court is found to be MOOT.

SO ORDERED AND ADJUDGED, this the 16th day of March 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE